1
2
3
4
5
6
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
7
AT TACOMA

8
DEBORAH D. MITCHELL,

9
                    Plaintiff,                          CASE NO. C08-5531BHS

10
        v.

11
STATE OF WASHINGTON; JOHN                    ORDER GRANTING
DOES 1-5, employees of the Washington        DEFENDANT STATE OF
12
State Crime Laboratory; PIERCE               WASHINGTON'S MOTION
COUNTY, a subdivision of the State of        FOR SUMMARY JUDGMENT
13
Washington; JOHN DOES 6-10,
employees of Pierce County,
14

15
                    Defendants.

16
        This matter comes before the Court on the motion for summary judgement, filed

17
by the State of Washington ("the State"). Dkt. 11. The Washington State Patrol Crime

18
Laboratory ("WSPCL") is an agency of the State. Dkt. 1 (Plaintiff's complaint).

19
                        **I. FACTUAL AND PROCEDURAL BACKGROUND**

20
        Unless otherwise indicated, the following facts are presented in the light most

21
favorable to Plaintiff.

22
        On May 25, 2005, Plaintiff was pulled over by Pierce County Sheriff's deputies.

23
Dkt. 1 at 5. The deputies searched her vehicle pursuant to a traffic stop, and found items

24
they believed to be "precursor" materials used in the manufacture of controlled

25
substances. *Id*.

26
        The deputies removed several items from Plaintiff's car, including jars containing

27
cleaning agents. *Id*. According to the deputies, white powder located in a black pouch

28

ORDER - 1

found in the car "field-tested positive for methamphetamine." Dkt. 12 at 7 (Declaration of Probable Cause in Support of Information). Plaintiff was arrested and booked into the Pierce County Jail. Dkt. 1 at 6.

On May 27, 2005, Plaintiff was arraigned on charges of unlawful manufacturing of a controlled substance and unlawful possession of a controlled substance. Dkt. 12, 6-7. The materials seized from Plaintiff's car were sent to the Washington State Patrol Crime Lab in Pierce County, Washington, for analysis. According to Terence McAdam, a WSPCL representative, the Crime Lab "received a request for analysis form along with one 'sealed can' of evidence from the Pierce County Sheriff's Offfice" on June 21, 2005. Dkt. 13 at 2 (Declaration of Terence McAdam). It is unclear from Plaintiff's complaint and her response to the instant motion whether she disputes Mr. McAdam's assertion that the evidence and analysis request was received on June 21, 2005.

According to Mr. McAdam, the evidence was analyzed by the Crime Lab for traces of illegal controlled substances from July 7, 2005, to July 11, 2005. Dkt. 13 at 2. The parties agree that the analysis was completed on July 11, 2005, and indicated that there was no sign of illegal controlled substances or precursor chemicals in the evidence. *Id*. at 4 (Crime Laboratory Report). Mr. McAdam maintains that a Pierce County employee retrieved the report on July 12, 2005. The crime laboratory report bears a Pierce County Prosecuting Attorney "copy received" stamp dated July 14, 2005. Dkt. 13 at 4.

Plaintiff remained in Pierce County Jail until September 12, 2005, when the Pierce County Prosecuting Attorney's Office filed a motion to dismiss "for the reason that the Crime Lab Report received by the State on September 9, 2005 did not identify any controlled substances, precursors to controlled substances or reaction by-products from the manufacture of controlled substances." Dkt. 12 at 16 (Motion and Order for Dismissal with Prejudice). Plaintiff was released from jail shortly thereafter. Dkt. 1 at 7.

On August 14, 2008, Plaintiff filed a complaint in Pierce County Superior Court against the State of Washington, unknown employees of the WSPCL, Pierce County, and

ORDER - 2

unknown employees of Pierce County. Dkt. 1. On September 4, 2008, this case was removed to this Court. *Id*.

Plaintiff alleges three causes of action: (1) false imprisonment against all Defendants; (2) detention without due process in violation of the Fifth and Fourteenth Amendments, under 42 U.S.C. § 1983, against all Defendants; and (3) governmental liability for a policy or practice resulting in a deprivation of Plaintiff's rights under of the Fifth and Fourteenth Amendments and 42 U.S.C. § 1983 against the State of Washington and Pierce County. *Id*., 8-10.

On April 23, 2009, the State filed a motion for summary judgment. Dkt. 11. First, the State maintains that Plaintiff's false imprisonment claim should be dismissed against the WSPCL because WSPCL has no authority to imprison Plaintiff, and even if it did, her claim is outside the two-year statute of limitations. *Id*. at 2. Second, the State contends that Plaintiff's civil rights claims should be dismissed because the WSPCL is not a person for the purpose of a Section 1983 claim, and because "the uncontested evidence shows WSPCL did nothing wrong." *Id*.

On May 4, 2009, Plaintiff filed a response. Dkt. 14. In her response, Plaintiff addressed only the State's argument that her Section 1983 claim should be dismissed because WSPCL is not a person. Plaintiff claims that the State has not disclosed to her the names of the State employees responsible for forwarding the Crime Lab Report to the Pierce County Prosecuting Attorney's Office. *Id*. at 2. While unclear, it appears that Plaintiff is claiming that the motion should be denied under Federal Rule of Civil Procedure 56(f), because the State has not produced the names of these employees.

On May 15, 2009, the State filed a reply. Dkt. 16.

## II. LEGAL STANDARDS

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material

ORDER - 3

fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c) ("Rule 56"). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

If a party opposing a motion for summary judgment shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may

ORDER - 4

deny the motion, order a continuance to enable the affidavits to be obtained or other

discovery be undertaken, or issue any other just order. Fed. R. Civ. P. 56(f).

**B.     SECTION 1983**

Section 1983 is a procedural device for enforcing constitutional provisions and

federal statutes; the section does not create or afford substantive rights. *Crumpton v.*

*Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In order to state a claim under 42 U.S.C. §

1983, plaintiffs must demonstrate that (l) the conduct complained of was committed by a

person acting under color of state law and that (2) the conduct deprived a person of a

right, privilege, or immunity secured by the Constitution or by the laws of the United

States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by*

*Daniels v. Williams,* 474 U.S. 327 (1986).

**C.     FALSE IMPRISONMENT**

In an action for false imprisonment, Plaintiff must prove that the liberty of her

person was restrained. *Moore v. Pay'N Save Corp.*, 20 Wn. App. 482, 486 (1978). A

claim for false imprisonment must be brought within two years of the alleged false

imprisonment. RCW 4.16.100(1).

### III.  DISCUSSION

**A.     PLAINTIFF'S FALSE IMPRISONMENT CLAIM**

The Court concludes that Plaintiff's false imprisonment claim against the State

must be dismissed. The State has met its burden in demonstrating that these claims are

barred by the two-year statute of limitations. *See* RCW 4.16.100(1)*, supra*. Plaintiff did

not address this issue in her response, and the Court may consider Plaintiff's failure to

respond as an admission that the State's motion as to this claim has merit. *See* Local Rule

CR 7(b)(2).

## B.    PLAINTIFF'S SECTION 1983 CLAIMS

The Court concludes that Plaintiff's Section 1983 claims against the State must be dismissed because the State is not a "person" subject to suit for monetary damages under Section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989).

While unclear, Plaintiff appears to argue that the State's motion should be denied under Rule 56(f) because she has been unable to obtain discovery relating to her Section 1983 claims against employees of WSPCL. Plaintiff contends that "[d]espite an investigation into the underlying facts of the case that included public records requests to both the State of Washington and Pierce County, Plaintiff was unable to ascertain the names of the State or County employees responsible for forwarding the Crime Lab Report produced on July 11, 2005, and forwarded to the Pierce County Prosecutor's Office on July 14, to the Deputy Prosecuting Attorney in charge of the case." Dkt. 14, 1-2. Plaintiff maintains that Pierce County failed to identify these employees in its initial Rule 26(a) disclosures. *Id*. at 2. Plaintiff also states that she will send discovery requests "in an attempt to name the individuals likely responsible for keeping the Washington State Crime Lab Report buried for two months while Ms. Mitchell sat in jail." *Id*. at 3.

As argued by the State, Plaintiff has not shown that additional discovery is needed as to her claims against the State. The requested discovery would not alter the outcome of the Court's conclusion that Plaintiff's false imprisonment claim is time-barred, and that her Section 1983 claims fail because the State is not a person. Even if Plaintiff were to name a state official in his or her official capacity as a "person," Plaintiff's Section 1983 claims against the State would still fail because she does not seek prospective relief. *See Will* at 71, n.10. Finally, the Court notes that Plaintiff failed to provide an affidavit in support of her response. *See* Fed. R. Civ. P. 56(f).

It appears that Plaintiff is seeking additional information regarding the other Defendants in this case: the unknown employees of WSPCL, Pierce County, and

unknown employees of Pierce County. Such information is not relevant to the State's motion for summary judgment.

## IV. ORDER

Therefore, it is hereby **ORDERED** that

Defendant State of Washington's motion for summary judgment (Dkt. 11) is **GRANTED**. Plaintiff's claims against the State of Washington are **DISMISSED WITH PREJUDICE**.

DATED this 8th day of June, 2009.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 7